IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOEL CHIRINOS,

    Plaintiff,

v.                                    CASE NO. 4:16-cv-163-MW-GRJ

SECRETARY, FLORIDA
DEPT. OF CORRECTIONS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 1, a handwritten petition for a writ of habeas corpus. Petitioner was confined at Madison CI, within the Northern District, when the petition was filed on March 15, 2016. Petitioner's confinement was pursuant to eight Miami-Dade County sex-offense convictions with offense dates from 2001 to 2004. It appears that Petitioner's most recent confinement was due to parole or release revocation proceedings, because the DOC's online inmate locator reflects that he was sentenced on May 27, 2015, to concurrent one-year, 6-month sentences. Petitioner's release date is stated as March 17, 2016.[1]

The Petition does not challenge Petitioner's confinement. Rather,

---

[1] *See* http://www.dc.state.fl.us/InmateReleases/detail.asp?Bookmark=1&From=list&SessionID=469914743

Petitioner seeks to prevent the DOC from placing him on conditional release for the last 90 days of his sentence.  Petitioner contends that he does not satisfy the criteria for conditional release, that he does not believe he can comply with the conditions of release and would prefer to serve his remaining time in prison, and that he has a right to refuse conditional release.  Petitioner states that he is due to be released "in the very near future."  ECF No. 1.

The Petition is deficient in several respects.  Petitioner failed to use the Court's form for state prisoners seeking habeas corpus relief and failed to either pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed as a pauper.  Pursuant to Fla. N.D. Local Rule 5.7(A), "[t]he Court need not–and ordinarily will not–consider a petition, motion, or complaint that is not filed on the proper form."

More importantly, the Court cannot conclude that the relief Petitioner seeks – continued detention – is cognizable in a habeas corpus case.  A habeas petition is the proper vehicle for prisoners claiming a right to immediate or speedier release.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is

entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus."). It appears that any claim for continued detention, even if such a claim were cognizable, is moot, because Petitioner was released on March 17, 2016.

Even if Petitioner's claim were cognizable in a habeas case, because his custody is "pursuant to the judgment of a State court" he is subject to 28 U.S.C. § 2254 and its attendant restrictions, including the requirement that he exhaust state remedies before seeking habeas relief in federal court. It does not appear that Petitioner has exhausted state remedies regarding his claim that he should not be conditionally released. If Petitioner has a cognizable federal habeas claim after exhausting state remedies, his petition should be filed in the Southern District of Florida, which encompasses Miami-Dade County. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *Parker v. Singletary*, 974 F.2d 1562, 1582, n. 118 (11th Cir. 1992).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** this 24th day of March 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**